For the reasons assigned, the judgment appealed from is affirmed.

## BROUSSARD v. BOUDREAUX.
### No. 1356.

Court of Appeal of Louisiana. First Circuit. June 11, 1934.

Nugier & Gordy, of Abbeville, for appellant.

M. A. Broussard, of Abbeville, for appellee.

MOUTON, Judge.

In August, 1932, Miss Leonio Clostio and Mrs. Styx, residents of Houston, Tex., employed Mr. Paul Granger, a carpenter, and resident of that city, to build for their mother, defendant, Mrs. Octave Clostio, a dwelling house on her land near Mauriceville, in Vermilion parish, La.

Bids for lumber to construct the dwelling were submitted by Mr. Granger to various lumber yards.

The bid for $697 made by plaintiff was submitted by Mr. Granger and was accepted by defendant and her daughters.

While the dwelling was in process of construction, Mr. Granger, the carpenter, returned some materials delivered by plaintiff in exchange for others that he needed for the erection of the building. In one instance, pine lumber which had been received was replaced by cypress, other materials were also taken in the place of doors, butts, etc., which it will serve no purpose to enumerate.

A record was kept by plaintiff of the articles given in exchange but none was kept for those received. The failure of plaintiff to keep a record of the articles received in exchange constitutes the main complaint of the defendant.

It is explained by Mr. Oris Broussard, employed of plaintiff, and by Mr. Granger, that the articles which were exchanged were of equal value.

We find nothing in the record to contradict this statement. Besides, it is shown by Mr. Oris Broussard and by Mr. Angereaux, who runs a lumber business, that such exchanges are frequently made, without any record being kept of such transactions. There is no proof that the materials which went into the building were of less value than those received by plaintiff in exchange. It is shown that plaintiff was instructed not to increase the original bill on account of these exchanges and the bill was not increased, as appears from the record. There is also no proof that the dwelling was not constructed of good materials resulting from the exchanges to which we have referred; hence, we fail to see how defendant has suffered any loss on account of the substituted materials used in the building.

It is contended that Mr. Granger had no authority to make these exchanges.

Mr. Granger testifies he was authorized to buy all the materials for the construction of the building and to use his judgment as to amount to be used. It is shown that the bids were submitted to the different lumber yards by Mr. Granger and that finally the bid of the plaintiff was accepted by Miss Leonio Clostio and her sister, Mrs. Styx, after the approval of Mr. Granger. It could hardly be otherwise, as these ladies lived in Houston, and had appointed no one in Vermilion to represent them as to the disposition of the lumber and other materials which were to go in the dwelling. It is evident that Miss Clostio and Mrs. Styx had entire confidence in Mr. Granger, else they would not have employed him to come down to the village of Maurice, in Vermilion, to erect this dwelling for their mother.

There is nothing to show that the changes Mr. Granger made in the materials were not necessary for the proper construction of the building and that he would have been required to consult with these ladies before using the substituted materials.

We think that the evidence and the circumstances of this case justify the conclusion that Mr. Granger had the authority to make these exchanges, particularly as it is shown that such transactions were customary between lumber yards furnishing the materials and carpenters engaged in the construction of buildings.

According to the testimony of Mr. Granger, which we find is supported by the evidence and circumstances of the case, we think he had express authority conferred upon him which necessarily included the power to make the exchange of these materials.

As between the principal and the agent, the general rule is that the agent must have express authority to bind his principal. The rule is different as between the agent and third persons. In such cases, the principal will be bound if the agent is clothed with apparent authority. Henderson v. Louisville & N. R. R., 3 Orleans App. 43; J. J. Clarke Co. v. McGuirk, 11 Orleans App. 6.

In the case of Interstate Electric Co. v. Frank Adam Electric Co., 173 La. 103, 136 So. 283, the court said:

" 'Apparent scope of authority' is that authority which principal holds agent out as possessing or permits agent to represent he possesses."

In this case, as we have heretofore stated, the agreement for the bid was made between plaintiff and Mr. Granger, which was accepted by Miss Clostio and Mrs. Styx. No doubt,

plaintiff knew that these ladies lived in Houston and could not be expected to supervise transactions in reference to the building for materials which might be needed. It is shown besides that Mr. Granger signed for the articles delivered by plaintiff and made payments on the bid. It is not contradicted that Mr. Granger had the authority to submit the bid, to sign for the delivery of the materials, and to make payments on the bid. As he was apparently vested with such scope of authority by parties living in another state, who could not be expected to attend themselves to such transactions, plaintiff had certainly the right to imply that Mr. Granger was vested with the authority to make the exchange of materials for the erection of the dwelling.

As Mr. Granger was clothed with such apparent authority, his contract with plaintiff for the exchange of materials is binding on his principals, Miss Clostio, Mrs. Styx, and defendant, Mrs. Marie Julie Boudreaux.

We find that the court has correctly rendered judgment in favor of plaintiff for the balance of $172.80, amount sued for with legal interest from judicial demand, with recognition of plaintiff's lien.

Affirmed.